THE STATE, EX REL. LODWICK, D. B. A. GLENN'S ROLLA RENA, APPELLANT, *v.* LEFLAR, MAYOR, APPELLEE.

(No. 8686—Decided December 21, 1959.)

*Messrs. Spievack & Spievack*, for appellant.

*Mr. Donald L. Robertson*, city solicitor, and *Messrs. Hensley & Nurre*, for appellee.

*Per Curiam.* This was an action in the Common Pleas Court for a writ of mandamus to compel the respondent, appellee herein, as Mayor of the city of Lockland, to issue to the relator, appellant herein, a permit to conduct a dance.

The respondent demurred to the amended petition. On hearing, the court sustained this demurrer, to which the relator excepted. That was the state of the record at the time the notice of appeal was filed, as shown by the record on file in this court.

In the notice of appeal the relator recites that the action was dismissed on July 16, 1959, as minute number 172 upon the journal of the court. We find no such entry in the transcript of the docket and journal entries. We assume that such an entry was made, and that counsel will file a certified copy in this court. Otherwise, the appeal will be dismissed for want of a final order.

Assuming the filing, and considering the case upon its merits, we find that the relator relies upon Section 3773.19, Revised Code, as the basis of his right to a writ. That section provides as follows:

"No person shall give a public dance, roller skating, or like entertainment in a municipal corporation or township without having previously obtained a permit from the mayor of such municipal corporation if such entertainment is given within the limits of a municipal corporation, or from the Probate Judge if such entertainment is given outside of a municipal corporation. * * *"

It is apparent at once that this section imposes no duty upon the mayor to do anything. It prohibits all persons from operating a dance without first obtaining a permit, but there certainly is no express language requiring the mayor to grant a permit.

By Section 2731.01, Revised Code, mandamus is granted only to compel the performance "of an act which the law

specially enjoins as a duty resulting from an office, trust, or station.''

We find that the relator is not entitled to the writ and that the court did not err in sustaining the demurrer to the amended petition.

*Judgment affirmed.*

MATTHEWS, P. J., LONG and O'CONNELL, JJ., concur.